UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRANDON C. SCHNEIDER
487 Michigan Ave., NE
Washington, DC 20017,

    Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Ave., NW
Washington, DC  20530-0001

And

OFFICE OF PERSONNEL MANAGEMENT
1900 E Street, NW
Washington, DC 20415,

    Defendants.

Civil Action No._____

**COMPLAINT FOR DECLARATORY JUDGMENT
AND INJUNCTIVE RELIEF**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, and the Privacy Act of 1974, ("Privacy Act"), 5 U.S.C. § 552(a) as well as agency FOIA regulations, challenging the failure of the United States Department of Justice ("Justice") and the Office of Personnel Management ("OPM") to fulfill the requests of Brandon C. Schneider for documents concerning himself.

2. This case seeks declaratory relief that defendants are in violation of the FOIA and Privacy Act for failing to fulfill plaintiff's requests for records, and injunctive relief that defendants immediately and fully comply with plaintiff's requests under the FOIA and the Privacy Act.

## JURISDICTION AND VENUE

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 702, which gives the Court jurisdiction over agency actions where an aggrieved party has suffered wrong within the meaning of a "relevant statute," here the FOIA. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 703, 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Plaintiff Brandon C. Schneider ("Schneider") is a citizen of Washington, D.C. Mr. Schneider is currently a Catholic religious seminarian studying for the priesthood. Certain allegations which have not been fully explained to Schneider came to light during a background check conducted by OPM have caused Schneider's status and ability to enter the priesthood to be put on hold pending their resolution. Schneider's attempts to learn what these allegations are so as to have them removed from anything associated with him are the subject of this lawsuit.

5. Defendant Justice is an agency within the meaning of 5 U.S.C. § 552(f). The Federal Bureau of Investigation ("FBI") is a component of Justice. Defendant Justice, through its component, the FBI is a federal agency with possession and control of records responsive to plaintiff's requests and is responsible for fulfilling the FOIA requests of Schneider.

6. Defendant OPM is an agency within the meaning of 5 U.S.C. § 552(f). Defendant OPM is a federal agency with possession and control of records responsive to plaintiff's requests and is responsible for fulfilling the FOIA requests of Schneider.

## STATUTORY FRAMEWORK

### The Freedom of Information Act

7. The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

8. An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination whether or not to fulfill the request and of the requester's right to appeal the agency's determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

9. An agency must respond to a FOIA appeal within 20 working days, notifying the appealing party of the agency's determination to either release the withheld records or uphold the denial. 5 U.S.C. § 552(a)(6)(A)(ii).

10. In "unusual circumstances," an agency may delay its response to a FOIA request or appeal, but must provide notice and must also provide "the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B).

11. This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

12. The FOIA provides a mechanism for disciplinary action against agency officials who have acted inappropriately in withholding records. Specifically, when requiring the release of improperly withheld records, if the court makes a written finding that "the circumstances surrounding the withholding raise questions whether agency

personnel acted arbitrarily or capriciously," a disciplinary investigation is triggered. 5 U.S.C. § 552(a)(4)(F).

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF

13. Plaintiff Schneider is currently a Catholic religious seminarian studying for the priesthood. On February 26, 2016, a background check was initiated on Schneider for a Summer Chaplain Internship at Ft. Belvoir Community Hospital. Schneider received notification that interim approval was granted to him on April 13, 2016. Schneider served his summer ministry at Ft. Belvoir Community Hospital from May 24, 2016 to July 28, 2016.

14. On March 20, 2017, months after completion of the summer internship, OPM interviewed Schneider for his background check. A second interview was requested over one half year later, on September 28, 2017. The second interview was conducted on October 5, 2017, at which Schneider was asked about allegations in which an individual, believed by OPM to be Schneider, allegedly admitted to certain actions to unnamed law enforcement but which no charges were ever filed. OPM would not share the documents it relied on for these questions, nor would OPM provide specific details of these allegations. Plaintiff denied, and continues to deny these allegations.

15. Under his ethical duties to his vocation, plaintiff was required to notify his seminary of the allegations. He was removed from the parish ministry and his ability to proceed towards perpetual profession and ordination to the diaconate has been placed in abeyance. He is unable to return to the ministry or be considered for perpetual profession and ordination until this matter is resolved and his record is cleared.

## REQUEST TO OPM

16. Plaintiff submitted a request to OPM for a copy of all material related to an alleged incident in 2005 about which he was interviewed by OPM in October of 2017.

17. By letter dated October 26, 2017, OPM responded to plaintiff's request. OPM assigned the request OPM Tracking Number 2018-00527. OPM denied the material pertaining to the allegations pertaining to plaintiff pursuant to FOIA Exemption 7(E). OPM advised plaintiff that it referred certain information to the FBI for processing and direct response to him. Further, OPM advised plaintiff he could administratively appeal the handling of the request to both OPM and the FBI.

18. By letter dated December 6, 2017, the FBI responded to the records referred to it from OPM. The FBI assigned the request as FOIPA number 1388343-000. The FBI released four pages in part but withheld certain information from its National Name Check Program Indices Check pursuant to FOIA Exemption 7(E) and Privacy Act Exemption (j)(2).

19. By letter dated December 18, 2017, plaintiff administratively appealed OPM's action on his request.

20. By letter dated December 18, 2017, plaintiff administratively appealed FBI's action on his request.

21. By letter dated January 26, 2017, the Department of Justice's Office of Information Policy affirmed the FBI's action on plaintiff's request[1].

22. As of the date of this Complaint, OPM has not acted on plaintiff's appeal.

## FBI Request

---

[1] Plaintiff asked for reconsideration of the denial of his appeal on Feb. 8, 2017. The reconsideration was summarily denied on February 15, 2017.

Case 1:18-cv-00474   Document 1   Filed 02/28/18   Page 6 of 8

23. By letter dated December 18, 2017, plaintiff submitted a request to the FBI for all records pertaining to himself.

24. By letter received December 27, 2017, the FBI acknowledged plaintiff's request and assigned it FOIPA No. 1391998-000.

25. As of the date of this Complaint, the FBI has not acted on this request.

## PLAINTIFF'S CLAIMS FOR RELIEF

### CLAIM ONE
### (Failure to Conduct an Adequate Search)

26. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

27. Plaintiff submitted requests that reasonably described the records sought and was made in accordance with Justice's and OPM's published rules.

28. In response, defendants have failed to conduct a search reasonably calculated to uncover all responsive agency records.

29. Therefore, defendants have violated the FOIA's mandate to search for responsive records. 5 U.S.C. §552(a)(3)(D).

30. Plaintiff is entitled to injunctive and declaratory relief with respect to the search for the requested records.

### CLAIM TWO
### (Failure to Produce Records Under the FOIA)

31. Plaintiff realleges and incorporates by reference all preceding paragraphs.

32. Plaintiff properly asked for records within defendants' control.

33. Plaintiff is entitled by law to access to the records requested under the FOIA and the Privacy Act, unless defendants make an explicit and justified statutory exemption claim.

34. Defendants have not produced all the records responsive to plaintiff's FOIA and Privacy Act requests.

35. Defendants have violated the FOIA's mandate to release agency records to the public by failing to release the records as plaintiff specifically requested. 5 U.S.C. §§ 552(a)(3)(A), 552(a)(4)(B).

36. Defendants have violated the plaintiff's Privacy Act's right to receive records pertaining to him. 5 U.S.C. §552a(b).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court:

(1) Declare that defendants have violated the FOIA and Privacy Act by failing to conduct an adequate search for records responsive to plaintiff's FOIA/PA requests;

(2) Order the defendants to immediately conduct and document an adequate search for responsive records as dictated by plaintiff's requests;

(3) Declare that the defendants have violated the FOIA and Privacy Act by failing to lawfully satisfy plaintiff's FOIA/PA requests;

(4) Order the defendants to release all records responsive to plaintiff's FOIA/PA requests;

(5) Award plaintiff his reasonable attorney fees and litigation costs in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(6) Grant such other and further relief as the Court may deem just and proper.

Dated: Feb. 28, 2018

Respectfully submitted,

Scott A. Hodes
(D.C. Bar No. 430375)
P.O. Box 42002

Washington, D.C. 20015  
Phone (301) 404-0502  
Fax (413) 641-2833

Attorney for Plaintiff